1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                                    * * *
                                      )
9   JAMES TENNIER; LOIS TENNIER,      )
                                      )
10              Plaintiffs,           )          3:14-cv-0035-LRH-VPC
                                      )
11  v.                                )
                                      )          ORDER
12  WELLS FARGO BANK, N.A.; et al.,   )
                                      )
13              Defendants.           )
    _____  )

14

15          Before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss.

16  Doc. #3.[1] Plaintiffs James and Lois Tennier ("the Tenniers") filed an opposition (Doc. #6) to which

17  Wells Fargo replied (Doc. #8).

18          Also before the court is the Tenniers' motion for a preliminary injunction. Doc. #11.

19  Defendant Wells Fargo filed an opposition (Doc. #13) to which the Tenniers replied (Doc. #15).

20  **I.      Facts and Background**

21          In December 2007, the Tenniers refinanced their existing home loan and entered into an

22  Option Adjustable Rate Mortgage ("ARM") agreement with World Savings Bank, FSB ("WSB")

23  as part of WSB's 'Pick-a-Payment' loan program. Eventually, the Tenniers defaulted on the

24  refinanced loan and Wells Fargo, WSB's successor-in-interest, recorded a notice of default on the

25  property.

26  _____

        [1] Refers to the court's docket number.

1  Subsequently, on December 6, 2013, the Tenniers filed a complaint against defendants in

2  state court. Doc. #1, Exhibit 1. The Tenniers then filed an amended complaint on December 26,

3  2013 (Doc. #1, Exhibit 2), and a second amended complaint on January 9, 2014 (Doc. #1,

4  Exhibit 6). The second amended complaint alleges six causes of action against defendants:

5  (1) fraudulent omissions; (2) breach of contract; (3) breach of the implied covenants of good faith

6  and fair dealing; (4) unjust enrichment; (5) deceptive trade practice against elderly person; and

7  (6) deceptive trade practice against a person with a disability. *Id.*

8  On January 15, 2014, Wells Fargo removed the complaint to federal court on the basis of

9  diversity jurisdiction. Doc. #1. Thereafter, Wells Fargo filed the present motion to dismiss.

10  Doc. #3.

11  **II.   Motion to Dismiss**

12  **A.  Legal Standard**

13  Wells Fargo seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure

14  to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state

15  a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading

16  standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That

17  is, a complaint must contain "a short and plain statement of the claim showing that the pleader is

18  entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require

19  detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a

20  formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S.

21  Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

22  Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

23  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting

24  *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows

25  the court to draw the reasonable inference, based on the court's judicial experience and common

26  sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility

2

1    standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

2    defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

3    defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

4    relief." *Id.* at 1949 (internal quotation marks and citation omitted).

5         In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

6    true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of

7    the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

8    *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

9    (internal quotation marks omitted). The court discounts these allegations because "they do nothing

10   more than state a legal conclusion—even if that conclusion is cast in the form of a factual

11   allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to

12   dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

13   plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

14        **B.  'Pick-a-Payment' Settlement Res Judicata**

15        The doctrine of res judicata precludes a party from re-litigating issues in one court that have

16   already been fully litigated on the merits in another court. *See Five Star Capital Corp. v. Ruby*, 194

17   P.3d 709, 713 (Nev. 2008). Further, "under elementary principles of prior adjudication a judgment

18   in a properly entertained class action is binding on class members in any subsequent litigation."

19   *Cooper v. Federal Reserve Bank*, 467 U.S. 867, 874 (1984).

20        In the present motion, Wells Fargo contends that the underlying claims of the instant action

21   were the subject of a class action covering the same type of loan agreement entered into by the

22   Tenniers. That litigation, *In Re Wachovia Corporation 'Pick-a-Payment' Mortgage Marketing and*

23   *Sales Practices Litigation*, case no. 5:09-md-02015-JF, 2011 WL 1877630 (N.D. Cal. 2011),

24   defined class members as anyone who obtained 'Pick-a-Payment' mortgage loans between

25   ///

26   ///

August 1, 2003, and December 31, 2008.[2] *See* Doc. #3, Exhibit A. That class action culminated in an approved claims settlement.[3] Because the Tenniers are members of the settled *In Re Wachovia* class action, Wells Fargo argues that the present action should be dismissed with prejudice under the doctrine of res judicata.

However, the Tenniers allege that they opted out of the settlement by sending an appropriate opt-out letter before the final cut off date. *See* Doc. #6. As such, for the purpose of this motion, the court finds that the Tenniers have sufficiently alleged that they are excluded from enforcement of the settlement. *See* Doc. #6, Exhibit 1 ("Any Person who timely and properly submits a Request for Exclusion shall not (1) be bound by any orders or Judgment entered in the Lawsuit nor by the Release herein contained . . . ."). Therefore, the court shall deny Wells Fargo's motion as to this issue.

## C.  Statute of Limitations

Wells Fargo argues in the alternative, that the Tenniers' fraud based claims (the first, fifth, and sixth causes of action) are barred by the applicable statute of limitations. Generally, claims based in fraud are subject to a three year statute of limitations. NRS § 11.190(3). Wells Fargo argues that the Tenniers' fraud claims accrued at the time the refinance documents were signed in December 2007, because those claims are based on WSB's failure to disclose certain information in the loan documents. Thus, Wells Fargo argues that the statute of limitations exhausted in December 2010; three years before the filing of the initial complaint.

However, under Nevada law, fraud based claims "accrue upon the discovery by the aggrieved party of the facts constituting the fraud." NRS 11.190(3)(d). In their complaint, the Tenniers allege that they did not discover WSB's fraud, and thus the statute of limitations did not

---

[2] It is undisputed that the Tenniers obtained a 'Pick-a-Payment' mortgage loan during the relevant class period.

[3] A copy of the order granting final approval of the class action settlement is attached as Exhibit 1 to Wells Fargo's motion to dismiss. Doc. #3, Exhibit 1.

begin to run, until they received notice of the *In re Wachovia* class action lawsuit in 2011. Therefore, based on the allegations in the complaint, the court finds that the Tenniers' first, fifth, and sixth causes of action are not barred by the applicable statute of limitations.

### D. Unjust Enrichment

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust enrichment cannot stand when there is an express written contract which guides the activities of the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

Here, there was a written contract between the parties, namely, the refinance documents and mortgage note. These documents guided the interactions, obligations, and rights of the parties. As such, the Tenniers cannot make a claim in equity for actions that are guided by a contract they are a party to. *See LeasePartners Corp.*, 942 P.2d at 187-88. Further, the Tenniers concede in their opposition that their claim should be dismissed. Accordingly, the court shall grant Wells Fargo's motion and dismiss the claim for unjust enrichment.

### III. Motion for Preliminary Injunction

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* (*citing Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). A court may only grant a preliminary injunction upon a showing that: (1) the petitioner is likely to succeed on the merits of his complaint; (2) irreparable harm will result in the absence of an injunction; (3) the balance of equities favors an injunction; and (4) an injunction is in the public's interest. *Winters v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008) (citations omitted); *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).

///

1    In their motion, the Tenniers claim that right after this action was removed to federal court,

2    the parties completed their fifth mortgage mediation without resolution. As a result of the fifth

3    mediation's conclusion, the mediator issued a certificate on April 14, 2014, allowing Wells Fargo

4    to file another notice of default and seek foreclosure of the underlying property if it chooses. The

5    Tenniers contend that absent an injunction, "Wells Fargo *may* be able to proceed with foreclosure

6    proceedings." Doc. #11, p.8. (emphasis added).

7    The court has reviewed the documents and pleadings on file in this matter and finds that the

8    Tenniers' motion for a preliminary injunction is without merit because there is no pending

9    imminent or irreparable harm. Wells Fargo has not indicated that it will take any action against the

10   property while this action is pending and no new notice of default has been filed in response to the

11   completion of the fifth mediation. The court cannot issue an injunction merely on the possibility

12   that future harm "may" occur at some unknown time. Accordingly, the court shall deny the motion

13   for a preliminary injunction without prejudice.

14

15   IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #3) is DENIED

16   in-part and GRANTED in-part. Plaintiffs' fourth cause of action for unjust enrichment is

17   DISMISSED.

18   IT IS FURTHER ORDERED that plaintiffs' motion for a preliminary injunction (Doc. #11)

19   is DENIED without prejudice.

20   IT IS SO ORDERED.

21   DATED this 6th day of May, 2014.

22
_____

23   LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE

24

25

26

6